**TOILOLO LUI of Leone, Plaintiff**

v.

**TULILOA of Leone, Defendant**

No. 60-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Poloa" of Leone]

February 14, 1948

---

A. A. MORROW, *Chief Justice;* LIUFAU, *District Judge;* and MALEPEAI, *District Judge.*

DECISION

Heard at Fagatogo 11 February 1948.
Toilolo Lui *pro se;* Lalafu for Tuliloa.

MORROW, *Chief Justice.*

This case involves the question as to who shall be registered as the Poloa of Leone. Tuliloa filed his application with the Registrar of Titles to be registered as such holder on September 22, 1947. Toilolo Lui filed an objection to such proposed registration on October 16, 1947 and became a candidate for the name himself.

The evidence showed that each of the candidates is a full-blooded Samoan; was born in American Samoa; has lived in American Samoa all of his life; lives with Samoans as a Samoan and is a descendant of a Samoan family. Consequently both candidates are eligible to succeed to matai title. Sec. 926, American Samoan Code.

Sec. 933 of the Code provides that:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority or plurality of the family.

2. The forcefulness, character, personality and capacity for leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

Toilolo filed a petition purporting to be signed by 89 members of the Poloa family asking that he be named its matai. Tuliloa filed a similar petition with 39 names upon it. Tuliloa claimed that 30 signers on Toilolo's petition were not members of the Poloa family. Toilolo claimed that one signer on Tuliloa's petition was not a member of the family. If it be conceded that the 30 names on Toilolo's petition were not those of members of the Poloa family and also conceded that the one name on Tuliloa's petition objected to by Toilolo is a member of the family, it is clear that a majority of the family favor the candidacy of Toi-

lolo in the ratio of 50 to 39. It follows therefore that Toilolo prevails over Tuliloa on the issue of the wish or [sic] majority or plurality of the family.

Toilolo has worked as a stevedore, as a laborer with the Supply Department, as a clerk in the Ships Service store and was a Fita Fita for 5 years. He has plantations. Tuliloa worked as a laborer carrying shells for a couple of years during the war. He has plantations. Toilolo has an income of about $250 per year from surplus food grown on his plantations and from Samoan curios. Tuliloa at first stated on the witness stand that he had an income of less than $100 a year from copra, his sole source of income. After he heard Toilolo testify that he had an income of $250 per year, Tuliloa testified that his income from copra last year was $700 and then he said it was $600. The conflict in the testimony given by Tuliloa in his own behalf weakens his evidence. Toilolo has been a matai for 4 years and consequently has had experience in looking after the affairs of a matai family.

In view of all the evidence and the observation of the two candidates at the hearing, it is the opinion of the court that Toilolo Lui prevails over Tuliloa on the issue of forcefulness, personality and capacity for leadership.

Toilolo was mixed up in the theft of some goods from a government warehouse while he was in the Fita Fita Guard with the result that he was court-martialed and given an undesirable discharge. There was no evidence reflecting upon the character of Tuliloa. We conclude that Tuliloa prevails over Toilolo on the issue of character.

Toilolo is the great grandson of Poloa Fualemilo. Consequently he has Poloa blood in his veins. Tuliloa is not a descendant of a former holder of the Poloa title. He has no Poloa blood in his veins. His only connection with the Poloa title is through his marriage with Sesi, who is the daughter of Poloa Mikaele. It is our opinion that the term

"hereditary right" used in subdivision 3 of Sec. 933 of the Code means right based upon blood and not upon marriage. It is clear therefore that Toilolo prevails over Tuliloa on the issue of hereditary right.

Based upon the evidence the Samoan Judges are of the opinion that the two candidates stand upon a parity with respect to the issue of the value of the holder of the matai name to the Government of American Samoa. This opinion is concurred in by the writer.

In view of our findings upon the various issues it follows that under the law (Sec. 933 of the Code) Toilolo Lui should be registered as the holder of the matai name Poloa of the village of Leone. The Registrar of Titles will be advised to register him as such. Costs in the sum of $12.50 are hereby assessed against Tuliloa, the same to be paid within 30 days.